### ELI HART *v.* MOSES M. STRONG.

#### ( *In Chancery.* )

Where the defendant neglected to answer a bill in chancery, agreeably to the rules of the court, and the bill was, on that account, taken as confessed, and a decree was made thereon, it was held that the cause was not appealable, though the defendant had not neglected to appear.

THIS was the case of an appeal from a decree of the court of chancery. There was an appearance by the defendant in that court, but he did not make answer to the bill, and it was taken as confessed; and it was referred to a master to take an account. From the decree made upon the acceptance of the master's report, the defendant appealed; and upon the entering of the appeal in this court, the orator moved that it be dismissed.

*R. R. Thrall,* for the orator, contended that the defendant was not entitled to an appeal, for the reason that the bill was taken as confessed, and a final decree was made in consequence of the neglect of the defendant to make answer, agreeably to the rule or order of court. Revised Statutes, page 150, sec. 18.

RUTLAND,
*February,*
1843.

Hart
*v.*
Strong.

*E. L. Ormsbee* and *E. F. Hodges*, for the defendant, contended that the provision in the statute (p. 150, § 18) applies only to the case of a final decree, made for non-appearance, or a *refusal* to answer; — that it was not intended to apply in cases where, after appearance, the bill is permitted to be taken as confessed, as a kind of general demurrer, and when all the matters of defence may well arise upon the master's report.

The opinion of the court was delivered by

BENNETT, J. — This case comes before this court by an appeal from the court of chancery. There was an appearance by the defendant in the court of chancery, but having neglected to answer, agreeably to the rules of that court, the bill was taken as confessed, and referred to a master to ascertain the sum due; and, upon the coming in of the report, the same was accepted, and a decree made accordingly. The orator has filed, in this court, his motion to dismiss the cause upon the ground that it was not appealable. The right of appeal is not given in a case, " where the bill is taken as confessed, and a final decree made in consequence of the non-appearance of the defendant, or for his neglect to make his answer agreeably to the rule or order of court." Though the bill in this case was not confessed, because of the non-appearance of the defendant; yet, he neglected to answer the bill agreeably to the rule of court, and the decree was the consequence of such confession. The chancellor might have ascertained the amount due without a reference, if he had chosen; but, as matter of convenience, it was referred. The decree followed as a consequence of the confession. The case clearly comes within the first exception of the 18th section of the chancery act. Revised Statutes, p. 150.

Appeal dismissed.